IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE CITY OF WAUKEGAN, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 3007 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| BOND SAFEGUARD INSURANCE COMPANY, LEXON SURETY GROUP, LLC and LEXON HOLDING COMPANY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The City of Waukegan filed a complaint in the Circuit Court of Illinois, alleging that Defendants had breached a bond agreement to complete certain construction work at a subdivision site located within the city. Defendants removed the case to federal court, and the City of Waukegan now asks the Court to remand the case to state court, arguing that Defendant Bond Safeguard Insurance Company is, in fact, an Illinois entity, as is Defendant Lexon Holding Company, a subsidiary through which Defendant Lexon Surety Group, LLC, conducts business. In response, Defendants contend that BSI is a South Dakota corporation with its principal place of business in Tennessee and that the Lexon entities were fraudulently joined to defeat diversity jurisdiction. For the reasons stated herein, the Court denies the City's motion to remand [15] and grants in part and denies in part Defendants' motion to dismiss [28].

## Factual Background

To ensure completion of certain improvements to a subdivision in Waukegan, Illinois, the City of Waukegan required the landowner to obtain a subdivision bond. *See* Compl. ¶¶ 1–2. Bond Safeguard Insurance Company ("BSIC") is the surety listed on the bond, obliging it to pay

up to $844,108.00 to the City if the proposed improvements were not completed. *See id.*, Ex. 1. After the bond was delivered to the City in 2004, the landowner failed to complete the required improvements. *See id.* ¶ 9.

Pursuant to the subdivision bond, the City requested that BSIC complete the improvements or provide the City with the necessary funds to do so. *See id.* ¶ 11. In 2007, BSIC made a payment of $99,605.30 to the City, which reduced the bond amount to $744,412.70. *See id.* ¶ 14. After BSIC failed to pay for or complete the remainder of the improvements, the City followed up with another request in 2013. *See id.* ¶ 18.

In response, the City received a letter from an employee of Lexon Surety Group, LLC ("LSG") asking for more documents in order to investigate the claim. *See id.* Ex. 4. The letter, which was written on LSG letterhead, stated "[w]e are the surety," but went on to say that the letter constituted BSIC's—and not LSG's—response to the City's demands. *See id.*

In 2015, after its demands led nowhere, the City filed suit in Illinois Circuit Court against BSIC, LSG, and Lexon Holding Company ("LHC"), a subsidiary of LSG. *See id.* at 1. Defendants then removed the case to federal court on the basis of diversity jurisdiction.

## **Legal Standard**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id.* One such basis of jurisdiction is diversity jurisdiction, under which federal courts have jurisdiction over civil actions between "citizens of different States." 28 U.S.C. § 1332(a). This requirement has been read to require complete diversity between all plaintiffs and all defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). "The party invoking federal

jurisdiction bears the burden of demonstrating its existence." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012).

Usually, the presence of a nondiverse defendant would require remanding the case to state court. But when defendants can show that the nondiverse defendant was fraudulently joined, federal courts will disregard the nondiverse defendant for purposes of determining whether diversity jurisdiction exists. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). To establish fraudulent joinder, the defendant "must demonstrate that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (emphasis omitted).

## Analysis

This case was removed from state court based on the premise that complete diversity existed among the parties. *See* 28 U.S.C. § 1332(a)(1). In its motion to remand, the City argues that BSIC and LHC are citizens of Illinois for purposes of diversity jurisdiction, and therefore the case should be remanded back to state court. Defendants respond by arguing that, at the time the complaint was filed, BSIC was organized under the laws of South Dakota and maintained its principal place of business in Tennessee. Further, Defendants argue that LSG and LHC were fraudulently joined in order to defeat diversity jurisdiction.

**I.    Motion to Remand**

    **A.    BSIC was not a citizen of Illinois at the time complaint was filed.**

To support its argument that BSIC is an Illinois corporation or has its principal place of business in Illinois, the City points to a number of documents that list BSIC as an Illinois corporation and identify its address as one in Illinois. *See* Mem. Supp. Mot. Remand 3–5. For

example, the 2004 bond that is the subject of this litigation identifies BSIC as an Illinois corporation. *See* Compl. Ex. 1.

What matters, however, for purposes of citizenship is BSIC's state of incorporation and the principal place of business at the time that the current complaint was filed. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought."). With respect to BSIC's state of incorporation, the Court takes judicial notice of filings with the Secretary of State of South Dakota showing that, although BSIC was originally incorporated in Illinois, it is now a South Dakota corporation and was so when this lawsuit was filed. *See* South Dakota Secretary of State, Articles of Domestication, Bond Safeguard Insurance Company (2013), https://sos.sd.gov/Business/AllDocumentsViewer.aspx?docID=131948; *see also Allen v. Chase Home Fin. LLC*, 2011 WL 3882814, at *4 (N.D. Ill. Sept. 2, 2011) (taking judicial notice of filings with the Illinois Secretary of State to establish the citizenship of a corporation).

As for BSIC's principal place of business, Defendants have submitted an affidavit by a Senior Vice President of BSIC, attesting that Tennessee is where the corporate records are now located, where the president and a majority of vice presidents have their offices, and where a majority of corporate decisions are made. *See* Resp. Pl.'s Mot. Remand Ex. 1 at 2. These facts, which the City does not dispute, are sufficient to show that BSIC's principal place of business is in Tennessee. *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986) (explaining that a corporation's principal place of business is where the corporation has its nerve center). The fact that BSIC may still maintain an office in Illinois does not alter this conclusion.

Given that BSIC was organized under the laws of South Dakota and had its principal place of business in Tennessee at the time the City commenced this action, its presence as a defendant in this suit does not defeat diversity.

**B.     LHC was fraudulently joined.**

Defendants also argue that the City fraudulently joined LHC and LSG in order to defeat diversity jurisdiction. *See* Resp. Pl.'s Mot. Remand 6. Pursuant to the fraudulent joinder doctrine, diversity jurisdiction cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has no possible merit. *See Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011).

At the heart of the City's complaint is a subdivision bond that was issued by BSIC. *See* Compl. ¶ 5. The City offers two arguments to support its claims against LSG. First, it contends that the South Dakota–version of BSIC may be a different entity than the one that signed the bond. The City points to a South Dakota statute, providing that a corporation comes into existence when the articles of incorporation are delivered to South Dakota's Secretary of State. *See* S.D. Codified Laws § 47-15-6. Because the South Dakota version of BSIC came into existence in 2013, the City argues, it cannot possibly be the same entity listed on the 2004 bond. According to the City, it is possible then that LHC assumed the liability of the bond form the original BSIC. *See* Reply Supp. Pl.'s Mot. Remand 2.

But this argument is meritless. BSIC was an Illinois corporation that was then domesticated in South Dakota. *See* South Dakota Secretary of State, Articles of Domestication, Bond Safeguard Insurance Company (2013), https://sos.sd.gov/Business/AllDocumentsViewer.aspx?docID=131948. Under South Dakota law, the liabilities of BSIC remained in place when it became domesticated. *See* S.D. Codified Laws § 47-1A-924. All that changed was the state in which BSIC is organized.

Next, the City relies on the letter that it received from an LSG employee identifying itself as the surety. *See* Compl. Ex. 4. Drawing all reasonable inferences in favor of the City, such allegations are sufficient to state a viable claim against LSG at this stage. *See Vernon v. Schuster*, 688 N.E.2d 1172, 1175 (Ill. 1997) (noting that express or implied assumption of liabilities is one of the exceptions to the general rule of successor corporate nonliability). Accordingly, the Court concludes that LSG was not fraudulently joined as a defendant in this action.

As for LHC, however, the complaint is devoid of any allegations of wrongdoing on its part. Instead, the complaint's sole allegation against LHC is that it was a subsidiary of LSG and that LSG "does business" in Illinois through BSIC and LHC. *See* Compl. ¶ 7. Of course, the mere fact that LHC is a subsidiary of LSG is not enough to make it a proper defendant in this suit. *See Superior Coal Co. v. Dep't of Fin.*, 36 N.E.2d 354, 358 (Ill. 1941) ("Ownership of capital stock in one corporation by another does not, itself, create an identity of corporate interest between the two companies, nor render the stockholding company the owner of the property of the other, nor create the relation of principal and agent, representative, or alter ego between the two."). And the mere conclusory allegation that LSG "does business" though LHC is insufficient to state a claim against it. *See Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014). Accordingly, the City cannot establish a legally cognizable cause of action against LHC, and it must be dismissed as a fraudulently joined defendant. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73–74 (7th Cir. 1992).

Without LHC, the remaining defendants are diverse for purposes of jurisdiction. When the City filed its lawsuit, BSIC was organized under the laws of South Dakota and had its principal place of business in Tennessee. LSG was organized under the laws of Florida and also had its principal place of business in Tennessee. Thus, the City's motion to remand is denied.

## II. Motion to Dismiss

Having decided the jurisdictional question, the Court turns to Defendants' motion to dismiss. For the reasons stated above, the Court holds that the City's complaint fails to state a claim against LHC. The allegations against LSG, although sparse, are sufficient to state a claim against it.

## Conclusion

For the reasons stated herein, the Court denies the City's motion to remand [15]. The Court grants Defendants' motion to dismiss [28] as to LHC and denies it in all other respects.

**IT IS SO ORDERED**     **ENTERED   11/6/15**

_____
John Z. Lee
**United States District Judge**